## RALPH GREEN *vs* SMITH TOURTELLOTT.

A was in possession of certain premises, as tenant at will of B. who claimed title under C. D. levied an execution against C. on the premises, alleging that the deed to B. was void; *Held*, that the process of forcible entry and detainer under **Rev. Sts.** c. 104, would not lie by D. against A., the question of title not having been determined between D. and B.

COMPLAINT under Rev. Sts. *c.* 104, to recover possession of certain premises described in the complaint. It came before the court of common pleas by appeal from a trial justice. At the trial in that court before *Wells*, C. J. the complainant offered to show that on the 27th of November, 1850, the premises were set off to the complainant on an execution in his favor against one Edward A. Shaw, being appraised at $575, which was not sufficient to satisfy the execution, and that at the time they were thus set off, and at the date of the complaint, December 26th, 1850, Tourtellott was occupying them as tenant at will of one Rufus Fuller, to whom said Shaw had deeded the premises April 23d, 1849. The complainant also offered to prove that the conveyance from Shaw to Fuller was fraudulent and void, being without consideration and made for the purpose of preventing the complainant

from attaching the premises and collecting his claim against Shaw, which attachment was made July 31st, 1849. The respondent contended that upon these facts the complaint could not be maintained, because he was not Shaw's tenant, and because it involved a question of the title of Fuller, under whom the respondent held the premises adversely to the complainant. The judge so ruled.

The complainant then offered to show that the respondent had unlawfully held possession of the premises by force, after they were set off on the execution, and upon this point the evidence was as follows: " While the officer and appraisers were engaged in setting off the premises on the execution, (the complainant being with them,) the respondent came up and seemed to be pretty mad, and asked what they were doing; he spoke loud and was excited; said 'keep off or I will boot you off.' One of the appraisers said he would not go on the lot, for he was afraid; the sheriff told the appraisers they had better not go on the land as they might get into a fight, and they went round the premises to get a view; the respondent told the appraisers two or three times that if they didn't leave the ground, or if they came on to it, he would boot them off. This was after the appraisers had been over the ground and before livery of seizin by the officer. A day or two after the premises were set off, the respondent said that the complainant had been to his house that day to see about the rent, and he told the complainant to leave the ground and keep off, or he would kick him off, and the complainant left quick, or in a hurry. The respondent said he should have booted complainan off if he hadn't left, and that, if he came to his house again, he would boot him till his long leg was as short as the short one."

The judge ruled that the foregoing evidence was not sufficient to maintain this complaint, and instructed the jury to return a verdict for the respondent, which they did. To these rulings the complainant excepted.

*E. W. Bond*, ( *W. G. Bates* with him,) for the complainant.

1. This action is clearly maintainable upon the facts which the complainant offered to prove in the court below. Tour-

tellott's tenancy was determined by the setting off of the premises on the complainant's execution against Shaw, and he was thenceforth a tenant at sufferance, and liable to this action without a notice to quit. The complainant was entitled to the premises under the levy of his execution, because the deed from Shaw to Fuller was void. Rev. Sts. *c.* 104, § 2. *Hildreth* v. *Conant,* 10 Met. 298; *Kelly* v. *Waite,* 12 Met. 300; *Kinsley* v. *Ames,* 2 Met. 29; *Howard* v. *Merriam,* 5 Cush. 563. It is not necessary that the relation of landlord and tenant should have existed between the parties. It is enough if the respondent's possession commenced in the character of lessee of any body. *Hildreth* v. *Conant,* 10 Met. 302; *Howard* v. *Merriam,* 5 Cush. 583–4.

Tourtellott was not Shaw's tenant, it is true, but he was Fuller's tenant, and Fuller derived his title from Shaw, under whom the complainant also claims. The levy of the complainant's execution had the same effect to determine Tourtellott's tenancy that a conveyance from Fuller to the complainant would have had. *Howard* v. *Merriam,* 5 Cush. 567. That the legislature intended that questions of title should be passed upon in proceedings instituted under the " Forcible Entry and Detainer Act," is obvious from Rev. Sts. *c.* 104, § 9.

2. There was a forcible detainer of the premises by Tourtellott, and the action was maintainable on this ground, if no other. *Saunders* v. *Robinson,* 5 Met. 343.

*G. Ashmun,* for the respondent.

DEWEY, J. The decision of the present case in favor of the respondent is not inconsistent with the cases of *Hildreth* v. *Conant,* 10 Met. 302, and *Howard* v. *Merriam,* 5 Cush. 567, cited and relied upon by the counsel for the complainant. The real objection to the maintaining of this action is not, because the relation of landlord and tenant does not exist between these parties; that is not necessary, and the assignee of the lessor, or any one else, who succeeds to the estate of the lessor, may equally well institute this process against the lessee. The difficulty is of a different character. There was nothing done by the lessor to terminate the tenancy at will

Green. *v.* Tourtellott.

of the respondent. Fuller was his lessor, and he claimed title in fee simple by deed from Shaw of an earlier date than the attachment on the complainant's writ. Fuller, the lessor, had done nothing to terminate the estate at will of the respondent, either by notice under the statute, or by any of the modes recognized by common law. A subsequent conveyance by Fuller by deed or lease of the premises would have done so. A levy of execution against the lessor would be equally effectual to do so. But a levy of execution against a stranger, alleged to have a paramount title to the lessor, has no such effect. The complainant cannot thus, by showing that respondent was a lessee to some one, use this process under the Rev. Sts. *c.* 104, to try the title when, as against the lessor, he could resort to no such mode. Suppose there had been no tenant to Fuller, and the premises had been occupied by him under his deed, claiming title thereto, and the complainant had done as he now has, levied upon the same as Shaw's estate. The effect of such levy would have been that the complainant would thereby have been enabled to try the question of title with Fuller by the usual forms of action, to try controverted titles, and not under Rev. Sts. *c.* 104.

The fact that Fuller does not personally occupy the premises, but the same is held by a tenant under him, and who justifies under his title, does not authorize this process. In a case like the present, the complainant must resort to the usual mode of asserting his claim, by a writ of entry, or action of trespass *quare clausum.* The respondent has never been the lessee of the complainant, or of any one through whom plaintiff claims a title by deed, lease, levy of execution, or any other mode of transfer. No act has been done or suffered to be done by the lessor of the respondent to defeat or determine his title as lessee. Upon this distinction, and without questioning the entire soundness of the cases cited on the part of the complainant, the court are of opinion that it was properly held by the court of common pleas that this complaint could not be maintained. *Exceptions overruled.*